IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMERON BLAKELY, | § | |
| Dallas Cnty. Jail BookIn No. 19061640, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1911-G-BN |
| | § | |
| DALLAS COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cameron Blakely, a federal pretrial detainee housed at the Dallas

County jail at the time, sent correspondence to the Court, docketed on July 16, 2020,

*see United States v. Blakely*, No. 3:19-cr-455-S (01) (N.D. Tex.), Dkt. No. 16, which

was interpreted as a complaint asserting claims under 42 U.S.C. § 1983, *see* Dkt. No.

3. This resulting civil action has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from Senior United States District Judge A. Joe Fish.

After reviewing Blakely's construed complaint, the Court entered a Notice of

Deficiency and Order on August 12, 2020 [Dkt. No. 4] (the "NOD"), observing that the

> complaint as filed asserts claims concerning the jail's response to the
> COVID-19 pandemic and requests injunctive relief. As such, the
> undersigned first observes that these concerns, brought by a class of
> inmates at the jail represented by counsel, are currently pending before
> another judge of this Court. *See Sanchez v. Brown*, No. 3:20-cv-832-E
> (N.D. Tex.), Dkt. No. 1 (petition for writ of habeas corpus and class
> action complaint for injunctive and declaratory relief).
> While Blakely has named as the only defendant the jail itself,
> because the jail is not a jural entity, the undersigned will construe his

claims as brought against the Sheriff. Further, as a *pro se* prisoner, Blakley may only make claims on his behalf; he has "neither the authority to represent anyone but [himself] nor the competence to protect the interests of other prisoners." *Henderson v. Jamison*, No. C10-5802 RBL/KLS, 2011 WL 690616, at *2 (W.D. Wash. Jan. 31, 2011), *rec. adopted*, 2011 WL 690573 (W.D. Wash. Feb. 18, 2011). And, although Blakely claims that various actions taken at the jail (or inactions by jail officials) have placed inmates at risk of contracting COVID-19, he may not rest on conclusory assertions and must provide factual content to present plausible claims that his constitutional rights have been violated.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

To remedy these deficiencies in the construed complaint as filed and to facilitate the Court's screening of his claims, attached to this order is a form civil rights complaint – prisoner that Blakely must complete, date and sign, and return to the Court by September 11, 2020.

Failure to do so will result in a recommendation that this action be dismissed for failure to prosecute and obey a court order. *See* FED. R. CIV. P. 41(b).

Further, the Court will not screen the construed complaint as filed (or amended complaint should one be filed) until either (1) the $400.00 filing fee is received or (2) Blakley files a proper motion to proceed *in forma pauperis* ("IFP") and attaches to that motion a

complete and verified certificate of inmate trust account ("CTA"). As such, also attached to this order is a form application to proceed IFP – Prisoner. If he qualifies to proceed IFP, Blakely must complete and file an IFP motion by September 11, 2020.

Failure to either pay the full filing fee or file a proper IFP motion supported by a complete and verified CTA by September 11, 2020 will also result in a recommendation that the complaint be dismissed under Federal Rule of Civil Procedure 41(b).

The Court also CAUTIONS Blakely that, as the Prison Litigation Reform Act ("PLRA") applies to his case, under the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. [28 U.S.C.] § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015).

*Id.* at 1-4 (emphases omitted).

Now, more than one month past the deadline to file an amended complaint and either pay the filing fee or file an IFP motion, as required by the NOD, Blakely has failed to obey the Court's order or otherwise contact the Court.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*

*Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser

- 4 -

sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the NOD – in addition to leaving the impression that he no longer wishes to pursue his claims – Blakely has prevented this action from proceeding and has thus failed to prosecute his lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Blakely decides to obey the Court's order or contact the Court. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

- 5 -

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE